WILLIAM OLECK, Doing Business under the Trade Name and Style of INDE-
PENDENT DIRECTORY Co., Respondent, v. BLUSTEIN WINE & LIQUOR STORE,
INC., Appellant.— Appeal by defendant in an action on contract from a judgment
of the City Court of Mount Vernon entered on an order of the County Court
of Westchester County which (a) reversed an order of said City Court denying
plaintiff's motion for summary judgment, and (b) granted summary judgment for
plaintiff, the appeal bringing up for review the order of the County Court on which
the judgment of the City Court was entered. Order of the County Court of West-
chester County reversed on the law, the judgment entered thereon in the City
Court of Mount Vernon vacated, and order of the City Court denying plaintiff's
motion for summary judgment affirmed, with costs in this court and in the County
Court. The record discloses triable issues of fact, not the subject of summary
disposition. Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.

HELEN J. PARADISE and JOHN PARADISE, Appellants, v. THOMAS J. EVERS, JR.,
Respondent.— Action to recover damages for malpractice and breach of contract.
Order denying in part plaintiff's motion for examination before trial modified on
the law by granting the motion for examination of defendant as to items 1, 2, 3,
4 and 10. As so modified, the order, in so far as appealed from, is affirmed, with
ten dollars costs and disbursements to the appellants. (Cutinella v. Beth-El
Hospital, Inc., 259 App. Div. 745.) Lazansky, P. J., Hagarty, Adel, Taylor and
Close, JJ., concur.

PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY and A. C. WICKE
MANUFACTURING Co. (a Corporation), Appellants, v. PAUL PENNINO and ROSE
P. PENNINO, Respondents, and Others, Defendants.— Order denying plaintiffs'
motion to supplement, correct and amend the final judgment herein, in so far as
appealed from, affirmed, with ten dollars costs and disbursements. (Herpe v.
Herpe, 225 N. Y. 323.) Lazansky, P. J., Hagarty, Taylor and Close, JJ., concur;
Adel, J., not voting.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS BIONDOLETTI,
Appellant.— Judgment of the County Court of Kings County convicting defend-
ant of the crimes of burglary in the third degree and grand larceny in the second
degree unanimously affirmed. It was error for the learned trial court to sustain
an objection to a question put to a police officer as to whether or not the appellant
had been beaten during the period of time when he denied committing the crime.
The inquiry related to the circumstances attending the making of the alleged
admissions and defendant could not be precluded from such inquiry because he
denied making such admissions. Irrespective of any defense, the voluntary
nature of a confession is in issue. (People v. Elmore, 277 N. Y. 397, 404; People
v. Joyce, 233 id. 61, 71.) The ruling, unexcepted to, was harmless, however,
particularly in the light of the fact that the question had already been answered
in the negative. So too, we regard as harmless the improper question on cross-
examination of the defendant as to whether or not a prior conviction related to
breaking and entering a building, particularly in light of the fact that the answer
thereto was in the negative. (Code Crim. Proc. § 542.) Present — Lazansky,
P. J., Hagarty, Carswell, Johnston and Close, JJ.